Law Offices of
DENA MARIE YOUNG (CSB #215344)
2751 4th Street PMB #136
Santa Rosa, CA 95405
Telephone: (707) 528-9479
Facsimile: (707) 692-5314
Email: dmyounglaw@gmail.com

Attorney for Defendant
ERIC MONTOYA MARQUEZ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC MONTOYA MARQUEZ,<br><br>Defendant. | Case No. CR-19-0381 CRB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR IMMEDIATE SENTENCING** |

**INTRODUCTION**

Defendant Eric Montoya Marquez (Montoya) comes before this Court for change of plea on March 18, 2020. Although not presently in custody, Montoya has served at least 10 days actual custody.[1] He has performed well under pretrial supervision. With an adjusted offense level of 10 and criminal history category 1, Montoya's guidelines are 6-12 months. Montoya is an ideal candidate for a time served sentence and immediate placement on supervised release. His adjustment to pretrial supervision shows that the time he has already served is sufficient to punish him for his conduct in this case, and to deter him from future criminality. Additionally,

---

[1] Montoya's first appearance on this case was August 7, 2019. (Dkt. 5.) He was released on bond on August 16, 2019. (Dkt. 50, 51.)

the public health crisis in which we find ourselves makes any custodial sentence a substantial risk to Montoya's health and safety.

For these reasons, Montoya believes that this Court has sufficient evidence upon which to make a sentencing decision without the need of a Pre-sentence report and respectfully requests that this Court sentence him immediately upon entry of plea.

**THIS COURT MAY SENTENCE WITHOUT A PRESENTENCE REPORT**

Presentence reports, while an important source of information for the court, are not a mandatory part of the sentencing process.  Both the Federal Rules of Criminal Procedure and the Sentencing Guidelines expressly provide that a district judge may sentence a defendant without a presentence report "[if] the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." *United States v. Williams*, 641 F.3d 758, 765 (6th Cir. 2011); *United States v. Turner*, 905 F.2d 300, 301 (9th Cir. 1990); Fed. R. Crim. Pro. 32(c)(1)(A)(ii); U.S.S.G. § 6A1.1(a)(2).

Here, the facts of Montoya's conduct are admitted in the plea agreement.  His limited participation in the charged conspiracy is reflected in the government's willingness to agree to the lesser charge of using a telephone in connection with drug sales.  Montoya's performance on supervision is demonstrated by the absence of issues in the docket.  The ten days that he has spent in custody are similarly noted in the docket.

This Court is already familiar with the overall conduct in this case, having already sentenced one co-defendant.[2]  This court has also sentenced several defendants for similar conduct in a related case, CR-19-0367-CRB.  Therefore, this Court has sufficient information to compare Montoya's conduct to similarly situated others in order to avoid sentencing disparity. A presentence report is not necessary in this case.

---

[2] Jose Franklin Rodriguez Garcia was sentenced to BOP for a term of 12 months and 1 day after pleading to a greater charge and having far more involvement in the underlying conspiracy than did Montoya.

**THE CURRENT PUBLIC HEALTH CRISIS SHOULD BE A
FACTOR IN THIS COURT'S SENTENCING DECISION**

As of the date of this motion, the President has declared a national public health emergency,[3] and the Governor of the State of California has declared a public health emergency throughout the state,[4] both in response to the spread of the Coronavirus Disease 2019 (COVID-19). The Centers of Disease Control and Prevention (CDC) and other health authorities have advised people to take precautions to reduce the exposure to COVID-19 and to slow the spread of the disease. An important part of the CDC recommendations is social distancing: keeping an appropriate physical distance between people, and particularly in public settings.[5]  Residents of six Bay Area counties are subject to an order to shelter in place.

Sentencing Montoya to additional custody, especially when such punishment is unnecessary, would subject Montoya to an unreasonable risk to his health and safety.  It would place him in circumstances where he is unable to distance himself from others, and where he cannot adequately protect himself from exposure to COVID-19, and where it is not clear that he would receive adequate care.

Not only should this be a sentencing consideration, the public safety crisis is also an important reason for this Court to sentence immediately without the necessity of preparing a presentence report. Given the national emergency, an immediate sentence of "time served" would serve the interests of justice.  It would also further the urgent need for judicial efficiency,

---

[3] *See Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/ (Mar. 13, 2020).
[4] *See Governor Newsom Declares State of Emergency to Help State Prepare for Broader Spread of COVID-19*, https://www.gov.ca.gov/2020/03/04/governor-newsom-declares-state-of-emergency-to-help-state-prepare-for-broader-spread-of-covid-19/ (Mar. 4, 2020).
[5] See generally Centers for Disease Control and Prevention, Coronavirus (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/index.html (updated frequently); California Dep't of Public Health, https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx (updated daily); see also Office of Governor, Executive Order N-25-20 (Mar. 12, 2020).

and the need to protect non-violent offenders from the heightened health risks inherent in a custodial setting.

## CONCLUSION

For the foregoing reasons, Montoya respectfully requests that this Court sentence him to "time served" immediately upon entry of his guilty plea.

Dated: March 17, 2020               Respectfully Submitted,


                                    _____/s_____
                                    Dena Marie Young

                                    Attorney for Defendant
                                    ERIC MONTOYA MARQUEZ